UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL SPURLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-CV-266 |
| v. | ) | *Lee* |
| | ) | |
| ALLSTATE INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court are two motions in limine filed by Defendant. At the final pretrial conference, Plaintiff represented he had no objection to either motion.

First, Defendant moves to exclude evidence that Plaintiff has not been prosecuted for arson [Doc. 15]. The Court agrees that such evidence has little relevance given the different burdens of proof in civil and criminal trials. In addition, any probative value of the evidence is outweighed by the danger that the jury would be prejudiced or misled by it. *See [Kelly's Auto Parts, No. 1, Inc. v. Boughton](), 809 F.2d 1247 (6th Cir. 1987)*. Accordingly, the motion [Doc. 15] is **GRANTED** without objection.

Second, Defendant moves to exclude evidence concerning Plaintiff's character [Doc. 17]. To the extent that Defendant seeks to exclude evidence of Plaintiff's character offered for the

purpose of proving he did not commit arson, the motion [Doc. 17] is **GRANTED** without objection. *See* Fed. R. Evid. 404.[1]

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of, or any provider of, any document maintained by any other public or private organization.